**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000703
23-MAY-2014
09:11 AM**

NO. CAAP-13-0000703

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

GENE WONG, Plaintiff/Appellant/Cross-Appellee,
v.
HAWAIIAN AIRLINES, INC., Defendant/Appellee/Cross-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-2459)

SUMMARY DISPOSITION ORDER
(By: Foley and Ginoza, JJ.,
with Nakamura, C.J. concurring separately)

Plaintiff/Appellant/Cross-Appellee Gene Wong (**Wong**) appeals from the (1) April 10, 2013 "Order Granting Defendant Hawaiian Airlines, Inc.'s Motion for Summary Judgment, Filed January 29, 2013;" and (2) June 7, 2013 Final Judgment both entered in the Circuit Court of the First Circuit[1] (**circuit court**). Defendant/Appellee/Cross-Appellant Hawaiian Airlines (**Hawaiian**) cross-appeals from the circuit court's August 10, 2012 "Order Denying Without Prejudice Defendant Hawaiian Airlines Inc.'s Motion for Summary Judgment."

Wong, a retired Hawaiian Airlines pilot, contends the circuit court reversibly erred by:

(1) granting Hawaiian's motions for summary judgment by orders dated March 18, 2013 and April 10, 2013;

---

[1] The Honorable Karl K. Sakamoto presided.

(2) granting Hawaiian's May 6, 2013 motion for taxation of costs by order dated June 14, 2013;

(3) violating Wong's constitutional due process and equal protection rights; and

(4) dismissing all of Wong's claims against Hawaiian in the June 7, 2013 Final Judgment.

Hawaiian contends the circuit court erred by denying in part Hawaiian's first motion for summary judgment:

(1) on the grounds that there were "genuine issues of material fact as to [Wong's] damages in the form of increased Medical Part B premiums that he is incurring[;]" and

(2) failing to conclude that Wong lacked standing to bring the case because: (a) Wong's alleged damages were too speculative; and (b) he was not a "consumer" for purposes of his unfair or deceptive acts or practice claim (**UDAP claim**) under Hawaii Revised Statutes (**HRS**) Chapter 480.  See HRS § 480-2(d) (2008 Repl.) ("No person other than a consumer, the attorney general or the director of the office of consumer protection may bring an action based upon unfair or deceptive acts or practices declared unlawful by this section.").

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the parties' respective points of error as follows.

We first address Hawaiian's contention regarding standing because resolution of that issue could preclude our jurisdiction to determine the merits of this case.  See Kahoʻohanohano v. State, 114 Hawaiʻi 302, 324, 162 P.3d 696, 718 (2007) ("[A]n appellate court has jurisdiction to resolve questions regarding standing, even if that determination ultimately precludes jurisdiction over the merits.") (internal quotation mark and citations omitted).  Hawaiian contends Wong lacks standing because: he failed to show a present or future need for redundant coverage under Medicare Part B; he would have to pay the Medicare Part B enrollment penalty only if the Social

Security Administration (**SSA**) failed to waive the penalty; and he failed to enroll in Medicare Part B, thus incurring the penalty, at the outset of the case.

To establish the requisite interest for standing to bring the case, the plaintiff must show that she or he: "(1) has . . . suffered an actual or threatened injury as a result of the defendant's conduct; (2) . . . [has an] injury fairly traceable to the defendant's actions; and (3) . . . [that] a favorable decision would likely provide relief for plaintiff's injury." Sierra Club v. Hawai'i Tourism Auth. ex rel. Bd. of Directors, 100 Hawai'i 242, 250, 59 P.3d 877, 885 (2002) (citations, ellipsis, and footnote omitted).

Under the first element of a test for standing, the question is not whether the lack of redundant insurance coverage caused Wong to suffer an actual or threatened injury, but whether Wong's liability for late enrollment penalties constituted an injury. The penalties constituted "economic harm" particular to Wong sufficient to confer standing. See Application of Hawaiian Elec. Co., Inc., 56 Haw. 260, 265 n.1, 535 P.2d 1102, 1106 n.1 (1975). Wong's current liability for those penalties is "fairly traceable" to alleged misrepresentations by Hawaiian's representative that Wong could elect the Medicare Part B coverage at a later date and without penalty. See Sierra Club v. Dep't. of Transp., 115 Hawai'i 299, 324, 167 P.3d 292, 317 (2007).

Hawaiian's contention that Wong lacked standing because he was not paying Medicare Part B enrollment penalties at the outset of the case lacks merit. At all pertinent times, Wong's enrollment was subject to penalties. Hawaiian further contends that Wong's delay in seeking to enroll in Medicare Part B undermined his claim that he actually desired such coverage. Wong's complaint, however, is based on the assertion that he would have enrolled in Medicare Part B prior to the period subject to penalty payments. Wong's desire for Medicare Part B coverage outweighed his recalcitrance towards paying the penalties.

The possibility that the SSA could have waived the penalties in Wong's case did not render Wong's injury merely speculative. As of January 31, 2012, Wong began paying approximately $100 a month in late enrollment penalties, constituting an "injury" allegedly caused by Hawaiian's representative providing misinformation that was "present and very real, not a mere possibility in the remote future." Pierce v. Soc'y of the Sisters of the Holy Names of Jesus & Mary, 268 U.S. 510, 536 (1925). We conclude the circuit court did not err by finding Wong had standing to raise his claims.

Wong contends the circuit court erred in ruling that his negligence and negligent representation claims were preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C.A. §§ 1001-1461, as amended (**ERISA**). However, the circuit court did not rule that ERISA preempted Wong's negligence claims. It ruled that his claims did not and could not rely on duties imposed by ERISA because if they did, his claims would be preempted.

Wong's negligence claims were preempted by the Railway Labor Act (**RLA**), 45 U.S.C.A. § 151 et seq. RLA established a mandatory arbitration process for "major" disputes concerning rates of pay, rules or working conditions relating to the formation of collective bargaining agreements (**CBA**) or efforts to secure them; and "minor" disputes "growing out of grievances or out of the interpretation or application of agreements covering rates of pay, rules, or working conditions." 45 U.S.C. § 151a. RLA preempts claims arising from labor disputes, but "does not [preempt] causes of action to enforce rights that are independent of the CBA." Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 256 (1994); accord Saridakis v. United Airlines, 166 F.3d 1272, 1277-78 (9th Cir. 1999). The parties do not dispute that the Pilots' Agreement constitutes a CBA between Hawaiian and its pilots and retired pilots. Tort claims are preempted "if they can be resolved by referring to the terms of the [CBA]."

4

Saridakis, 166 F.3d 1272, 1278 (internal quotation marks and citation omitted).

The preemption standard under the RLA "is virtually identical to the [preemption] standard the [Hawai'i Supreme] Court employs in cases involving § 301 of the [Labor Management Relations Act of 1947 (**LMRA**), 29 U.S.C. § 185(a)]." Norris, 512 U.S. at 260.[2] Under § 301 of the LMRA, a state tort claim is preempted if the claim depends on interpretation of a CBA; and a claim depends on such an interpretation "if the duty to the employee of which the tort is a violation is created by a collective-bargaining agreement and without existence independent of the agreement." United Steelworkers of Am., AFL-CIO-CLC v. Rawson, 495 U.S. 362, 369 (1990). A duty to an employee exists independently of a CBA where defendants were "accused of acting in a way that might violate the duty of reasonable care owed to every person in society." Rawson, 495 U.S. at 371.

Hawaiian's alleged negligence occurred when its representative was providing information to Wong about Medicare Part B retirement benefits. Under Rawson, Wong's negligence claims are preempted by the RLA because Hawaiian's duty to act with reasonable care to ensure that its representatives do not provide misinformation about retirement benefits arose from its duties under the Hawaiian Airlines 2010 Pilots Agreement (**Pilots' Agreement**).

The circuit court did not err by dismissing Wong's UDAP claim under HRS Chapter 480 on the basis that "the alleged unfair or deceptive act did not occur in 'the conduct of any trade or commerce[.]'" A UDAP claim under HRS § 480-2(a) must stem from

---

2    Section 301(a) of the LMRA states:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

"conduct in any trade or commerce[,]" which is akin to the "business context" as has been developed in Massachusetts' case law. Cieri v. Leticia Query Realty, Inc., 80 Hawai'i 54, 65, 905 P.2d 29, 40 (1995). Hawaiian's provision of information about insurance coverage to Wong was not an arm's-length transaction occurring in a "business context" but rather occurred in the context of a relationship between an employer and former employee.

Wong contends the circuit court's alleged errors violated his constitutional due process and equal protection rights, but does not point to where he raised these claims to the circuit court. We therefore disregard this point. See Hawai'i Rules of Appellate Procedure (**HRAP**) Rules 28(b)(4) and (7); Bitney v. Honolulu Police Dep't, 96 Hawai'i 243, 251, 30 P.3d 257, 265 (2001) ("Appellate courts will not consider an issue not raised below unless justice so requires.") (citations and brackets omitted).

Finally, Wong contends the circuit court erred by granting Hawaiian's motion for taxation of costs because: (1) the motion was untimely; (2) the circuit court had no jurisdiction to issue the order; and (3) the award of costs was excessive and not reasonably necessary.

Hawaiian's motion was not untimely because: (1) the five-day limitation under Hawai'i Rules of Civil Procedure Rule 54(d)(1) applied to Wong's objections, requesting the circuit court review the clerk's action, and not to Hawaiian's motion for taxation of costs; and (2) HRAP Rule 4(a)(3) "provides that the court has 90 days to dispose of a postjudgment motion for costs, regardless of when the notice of appeal is filed[.]" Buscher v. Boning, 114 Hawai'i 202, 221, 159 P.3d 814, 833 (2007). Wong fails to show that he carried his burden of showing the circuit court's costs award was "inequitable under the circumstances." See Wong v. Takeuchi, 88 Hawai'i 46, 52, 961 P.2d 611, 617 (1998) (citations omitted and format altered).

Because we dispose of Wong's contentions in favor of Hawaiian, we need not reach Hawaiian's claim that the circuit court erred by finding Wong was a "consumer" under HRS chapter 480.

Therefore,

IT IS HEREBY ORDERED that the (1) April 10, 2013 "Order Granting Defendant Hawaiian Airlines, Inc.'s Motion for Summary Judgment, Filed January 29, 2013;" and (2) June 7, 2013 Final Judgment both entered in the Circuit Court of the First Circuit are affirmed.

DATED:  Honolulu, Hawai'i, May 23, 2014.

On the briefs:

R. Steven Geshell
for Plaintiff/Appellant/Cross-
Appellee.

C. Michael Heihre
Allison Mizuo Lee
(Cades Schutte)
for Defendant/Appellee/Cross-
Appellant.

Associate Judge

Associate Judge